UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

# DOCKETING STATEMENT

| Appeal Number | 21-4120 |
|---|---|
| Case Name | *DiTucci et al. v. Ashby et al.*, Case No. 2:19-cv-00277 (D. Utah) |
| Party or Parties Filing Notice of Appeal Or Petition | First American Title Insurance Company; Kirsten Parkin |
| Appellee(s) or Respondent(s) | Rosa DiTucci, an individual; Steven R. LaRoza, an individual; Debra A. LaRoza, an individual; Bruce I. Rose, an individual; Maureen A. Rose, an individual; Sanford Roberts, an individual; Helaine B. Roberts, an individual; Russell E. Hertrich, an individual; Fred Jacob, an individual; Edward A. Hennessey, an individual; Russell E. Hertrich Revocable Trust; Sanford Roberts Revocable Trust; Helaine B. Roberts Revocable Trust; The Fred Jacob Living Trust; Edward A. Hennessey 2001 Revocable Living Trust; CAMAC, Inc, a Kansas corporation; and Blush Property, LLC, a Florida limited liability company |
| List all prior or related appeals in this court with appropriate citation(s). | N/A |

**I.    JURISDICTION OVER APPEAL OR PETITION FOR REVIEW**

   **A.  APPEAL FROM DISTRICT COURT**

1. Date final judgment or order to be reviewed was entered on the district court docket:

   - March 1, 2021 and September 16, 2021.

2. Date notice of appeal was filed:

   - October 4, 2021.

3. State the time limit for filing the notice of appeal (cite the specific provision of Fed. R. App. P. 4 or other statutory authority):

   - 30 days from September 16, 2021.  *See* Fed. R. App. P. 4(a)(1)(A) & 4(a)(4)(A)(iv).

   a.  Was the United States or an officer or an agency of the United States a party below?

- No.

b. Was a motion filed for an extension of time to file the notice of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing the notice of appeal:

- No.

4. Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

   a. Give the filing date of any motion that tolls the time to appeal pursuant to Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A):

   - March 22, 2021 (Motion to Reconsider Denial of Motion to Compel Arbitration).

   b. Has an order been entered by the district court disposing of any such motion, and, if so, when?

   - Yes. September 16, 2021.

5. Is the order or judgment final (i.e. does it dispose of **all** claims by and against **all** parties)? *See* 28 U.S.C. § 1291.

   - No.

   **(If your answer to Question 5 is no, please answer the following questions in this section.)**

   a. If not, did the district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done?

   - No.

   b. If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. § 1292(a)?

   - No.

   c. If none of the above applies, **what is the specific legal** authority for determining that the judgment or order is appealable?

   - 9 U.S.C. § 16(a)(1)(B).

II. **GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE UNDERLYING CASE AND RESULT BELOW.**

Appellants First American Title Insurance Company ("First American") and its employee Kirsten Parkin moved to compel arbitration of all claims contained the in Appellees' complaint filed in the case below. This appeal arises from the district court's denial of that motion (*DiTucci v. Ashby*, No. 2:19-CV-277-TC-JCB, 2021 WL 778579, at *1 (D. Utah Mar. 1, 2021), *reconsideration denied in relevant part* , No. 2:19-CV-277-TC-JCB, 2021 WL 4217332 (D. Utah Sept. 16, 2021) ("Decision 1"), as well as the district court's failure to properly reconsider that denial upon the Appellants' subsequent motion to reconsider (*DiTucci v. Ashby*, No. 2:19-CV-277-TC-JCB, 2021 WL 4217332, at *2 (D. Utah Sept. 16, 2021) ("Decision 2").

Appellees each purchased individual tenant-in-common interests ("TIC") in a real estate development located in Carmel, Indiana (the "Carmel Property"). Each Appellee's TIC interest was sold to them by a third party, Rockwell Indianapolis LLC ("Rockewll"), pursuant to a Purchase and Sale Agreement ("PSA"). The Appellants acted as escrow agent between Rockwell and each Appellee, and also issued a title insurance policy for the Carmel Property to which each Appellee was added by an endorsement (the "Policy"). The PSA and the Policy both contain arbitration clauses. Both agreements are governed by Indiana law.

Appellants moved to compel arbitration of all Appellees' claims pursuant to the terms of the PSA's arbitration clause or, in the alternative, under the terms of the Policy. Appellees' claims concern the alleged loss of their TIC investments as a result of a fraudulent scheme perpetrated by Rockwell and other third parties, most of whom had declared bankruptcy or already settled with the Appellees before the underlying complaint was amended to include the Appellants. The allegations against the Appellants arise from the routine title and escrow services they provided for the transactions.

The district court found that Plaintiffs were required to arbitrate their claims against First American according to the Policy. However, the district court found that Ms. Parkin, as a non-signatory, could not compel arbitration under the Policy under Indiana's equitable estoppel doctrine based on an intervening decision by the Indiana Supreme Court that was not addressed by any of the parties before the district court relied on it. The district court also determined that the Appellants could not compel arbitration under the PSA based on the same intervening decision. Appellants moved the district court to reconsider. The district court denied the motion to reconsider but stayed the claims against Ms. Parkin until any arbitration against First American had concluded. This appeal followed.

### III. IDENTIFY TO THE BEST OF YOUR ABILITY AT THIS STAGE OF THE PROCEEDINGS, THE ISSUES TO BE RAISED IN THIS APPEAL.

#### ISSUES APPEALED

**ISSUE 1: Whether the district court erred, in Decision 1, in denying the Appellants' motion to compel arbitration according to the PSAs governing each transaction.**

The district court denied Appellants' motion to compel arbitration based on the PSAs' arbitration clause. The district court based its denial on an application of an intervening decision issued by the Indiana Supreme Court after briefing on the motion had concluded. The district court did not provide either side with an opportunity to address how this intervening decision affected this issue. Appellants contend that the district court's decision misapplied Indiana's doctrine of equitable estoppel, resulting in the incorrect holding that the Appellants were unable to compel arbitration under the PSAs.

**ISSUE 2: Whether the district court erred, in Decision 1, in denying the Appellants' motion to compel arbitration of all claims asserted by Appellees under the Policy's arbitration clause.**

The district court denied the motion to compel arbitration of the claims against Ms. Parkin under the Policy. Similar to Issue 1, the district court applied the Indiana Supreme Court's intervening decision to determine that Ms. Parkin was unable to compel arbitration as a non-signatory to the Policy based on the doctrine of equitable estoppel. Appellants contend that the district court misapplied Indiana's doctrine of equitable estoppel, resulting in the incorrect holding that Ms. Parkin was unable to compel arbitration under the Policy as non-signatory.

**ISSUE 3: Whether the district court erred, in Decision 1, in denying First American's motion to compel arbitration of the claims against Ms. Parkin pursuant to the Policy.**

The district court's Decision 1 failed to consider an alternate argument that First American could independently compel arbitration of the claims against Ms. Parkin because those claims fell within the scope of the Policy's arbitration clause. Appellants contend that, under Indiana law, the claims against Ms. Parkin must be submitted to arbitration under the Policy if First American invokes the Policy arbitration clause, which it properly did.

**ISSUE 4: Whether the district court erred, in Decision 2, in denying Appellants' motion to reconsider.**

The district court denied Appellants' motion to reconsider the district court's erroneous holdings in Decision 1. Appellants' motion to reconsider was predicated on (1) the district court's failure to allow the parties to brief the intervening Indiana Supreme Court decision upon which the district court expressly relied (having explicitly stated in Decision 1 that Appellants' motion to compel arbitration would have been granted but for that intervening decision) and attendant failure to properly apply the intervening Indiana Supreme Court decision; (2) the district court's failure to consider First American's alternative argument that it could independently compel arbitration of the claims against Ms. Parkin; and (3) the district court's failure to allow Ms. Parkin

5

to compel arbitration under the Policy as First American's agent, or for being in privity with First American. Appellants contend that the district court abused its discretion by failing to properly reconsider each of these issues.

[*remainder of statement intentionally omitted due to inapplicability*]

**NAME OF ATTORNEY FILING DOCKETING STATEMENT:**

Name: Douglas W. Henkin

Telephone: (212) 768-6832

Firm: Dentons US LLP

Email Address: douglas.henkin@dentons.com

Address: 1221 Avenue of the Americas
New York, NY 10020

*/s Douglas W. Henkin* — Signature

October 18, 2021 — Date

# CERTIFICATE OF SERVICE

I, Douglas W. Henkin, attorney for appellant, hereby certify that on October 18, 2021, I served a copy of the foregoing **Docketing Statement** via filing with this Court's electronic filing system to:

Wes Felix
Felix PLLC
68 South Main Street, Suite 800
Salt Lake City, UT 81401
wfelix@felixweinberg.com
Counsel for Appellees

                                        */s Douglas W. Henkin*
                                        DOUGLAS W. HENKIN
                                        DENTONS LLP
                                        1221 Avenue of the Americas
                                        New York, New York 10020-1089
                                        Tel: (212) 768-6832
                                        douglas.henkin@dentons.com